IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONNIE E. DAVENPORT,
    Petitioner,

vs.                                          Case No.: 3:05cv142/MCR/EMT

JAMES V. CROSBY,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       Now pending is Respondent's motion to dismiss (Doc. 9) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner responded to the motion to dismiss, insisting that the petition was timely filed (Doc. 17).

       The procedural background as set forth by Respondent is undisputed (*see* Doc. 9 at 2-4; Doc. 17 at 1). Following a jury trial in the Circuit Court in and for Escambia County, Florida, Case No. 1997-CF-004409, Petitioner was found guilty of robbery with a firearm (Doc. 9, Ex. B at 108). On October 15, 1999, he was sentenced to thirty years of incarceration with one year and 279 days of jail credit (*id*. at 170-74). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeals ("First DCA"). On November 16, 2000, the First DCA affirmed per curiam without opinion, with the mandate issuing December 4, 2000 (*id.*, Exs. G, H, I). Davenport v. State, 773 So.2d 1157 (Fla. 1st DCA Nov. 16, 2000) (Table). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

       While Petitioner's direct appeal was pending, he filed with the trial court a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (*id*., Ex. K). The trial court denied the motion on July 30, 1999 (*id*., Ex. L). Petitioner appealed the decision to the First DCA, and the appellate court dismissed the appeal on January 25, 2000, with the mandate issuing February 23, 2000 (*id*., Exs. M, N, O, P).

       On March 8, 2001, Petitioner filed a petition for writ of habeas corpus in the First DCA (*id*., Ex. Q). The First DCA denied the petition per curiam on April 4, 2001 (*id.*, Exs. R, S). Davenport v. State, 784 So.2d 1105 (Fla. 1st DCA Apr. 4, 2001) (Table).

On December 2, 2001, Petitioner filed a second petition for writ of habeas corpus in the First DCA (*id.*, Ex. T). The First DCA dismissed the petition per curiam without opinion on January 22, 2002, and denied Petitioner's motion for clarification on February 28, 2002 (*id.*, Exs. U, V, W). Davenport v. State, 810 So.2d 921 (Fla. 1st DCA Jan. 22, 2002) (Table).

On December 3, 2002, Petitioner filed a second Rule 3.850 motion with the trial court (*id.*, Ex. X). The trial court denied the motion in a written decision rendered on March 11, 2003 (*id.*, Ex. Y). Petitioner appealed the decision to the First DCA, and the appellate court reversed and remanded with instructions that the trial court either attach portions of the record which conclusively refuted Petitioner's allegations or conduct an evidentiary hearing (*id.*, Ex. BB). Davenport v. State, 858 So.2d 355-56 (Fla. 1st DCA 2003). On remand, the trial court issued an amended order denying the Rule 3.850 motion and attaching portions of the state court record to the decision (*id.*, Ex. DD). Petitioner appealed the decision, and the appellate court affirmed per curiam without opinion on May 21, 2004, with the mandate issuing June 16, 2004 (*id.*, Exs. GG, HH). Davenport v. State, 874 So.2d 588 (Fla. 1st DCA May. 21, 2004) (Table).

On July 19, 2004, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure (*id.*, Ex. II). On August 5, 2004, the trial court denied the motion (*id.*, Ex. JJ). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without opinion on October 12, 2004, with the mandate issuing November 9, 2004. Davenport v. State, 884 So.2d 939 (Fla. 1st DCA Oct. 12, 2004) (Table); Case No. 1D04-3820, Docket Entries dated 10/12/2004 and 11/9/2004.

Petitioner filed the instant habeas action on April 18, 2005 (Doc. 1 at 6-7).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner asserts that a state created impediment to his filing existed because the State lost his legal paperwork and he was unable to obtain "a complete replacement" (Doc. 17 at 2). Petitioner states the factual predicate for this claim is set forth on page 14 of his petition as well as in his "Petition For Writ of Habeas Corpus To File Belated Rule 3.850 Motion To Establish the Defendant's Actual Innocence" (*id.*). Initially, the court notes that the instant habeas petition has no page numbered 14 (*see* Doc. 1). Additionally, Petitioner failed to submit a copy of the state petition to which he refers, and the state court record contains no record of the document. Furthermore, although Petitioner cites section 2244(d)(1)(D) (*see* Doc. 17 at 2-3), he does not allege that the factual predicate for his claims was not discoverable until a date after his conviction became final. Thus, the appropriate statutory trigger for the statute of limitations is the date on which Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant directly appeals his conviction but does not seek certiorari review of the decision affirming the conviction, the one-year limitations period for filing a federal habeas petition begins to run ninety (90) days after issuance of the appellate court's decision.[1] Nix v. Secretary for the Dep't of Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (citing Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)); Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord* Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003); Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003). In the instant case, the First DCA issued its decision affirming Petitioner's conviction on November 16, 2000. Petitioner did not seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court, thus, Petitioner's one-year limitations period began to run on February 16, 2001, upon expiration of the 90-day period for seeking certiorari review.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles.

Section 2244(d)(2) provides:
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, twenty (20) days elapsed from February 16, 2001, the date Petitioner's conviction became final, to March 8, 2001, the date Petitioner filed his first state habeas petition. The limitations period was tolled until April 4, 2001, when the First DCA denied the petition. The

---

[1] The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion. *See* Sup. Ct. R. 13.3.

limitations period then ran for two hundred forty one (241) days until Petitioner filed his second state habeas petition on December 2, 2001. The period was tolled until February 28, 2002, when the First DCA denied Petitioner's motion for clarification after the court dismissed his habeas petition. The limitations period then ran for two hundred seventy-seven (277) days until Petitioner filed his second Rule 3.850 motion on December 3, 2002.[2] By the time Petitioner filed this post-conviction motion, the 365-day federal limitations period had already expired; indeed 538 untolled days had elapsed since Petitioner's conviction became final. As Petitioner's second Rule 3.850 motion and his subsequently filed Rule 3.800 motion were filed after expiration of the federal limitations period, those motions did not toll the limitations period. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Therefore, Petitioner's federal habeas petition, filed on April 18, 2005, was obviously untimely.

Finally, although Petitioner states he can show that there are extraordinary circumstances present in his case to warrant equitable tolling (*see* Doc. 17 at 3), he alleges none. Therefore, the court concludes he is not entitled to equitable tolling of the limitations period.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 9) be **GRANTED**.
2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 20th day of December 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] Petitioner's first Rule 3.850 proceeding was filed and concluded during the pendency of the direct appeal of his conviction.

Case No.: 3:05cv142/MCR/EMT